IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| MARK OTIS BOATWRIGHT, | : |
| Plaintiff, | : |
| v. | : CASE NO. 4:11-CV-7 CDL-MSH |
| W.W. ADAMSON, *et al.* | : |
| Defendants. | : |

## ORDER GRANTING *IN FORMA PAUPERIS* MOTION AND RECOMMENDATION OF DISMISSAL

Plaintiff Boatwright, filed the instant action pursuant to 42 U.S.C. § 1983. Along with his Complaint, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"). (ECF No. 2.) For the reasons discussed below, Plaintiff's motion to proceed IFP is granted. However, the Court recommends dismissal of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## PLAINTIFF'S COMPLAINT

Plaintiff, a former inmate, filed this § 1983 action on January 11, 2011, seeking a declaratory judgment and compensatory and punitive damages in the amount of twenty (20) million dollars following what he claims was a denial of access to the courts by the Defendants. (Compl. 5, ECF No. 1.) Specifically, Plaintiff contends that between September 17, 2009 and October 7, 2009, while he was an inmate at the Muscogee County Jail, the Defendants withheld his legal mail for approximately twenty (20) days. (*Id.*) He further states that his legal mail "was already open" when he received it in violation of his

Fourteenth Amendment rights. (*Id.*)

**DISCUSSION**

**I.      Plaintiff's Motion to Proceed IFP**

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915. As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

**II.     Review of Plaintiff's Complaint**

   A.      <u>Standard for Preliminary Review</u>

With Plaintiff's indigent status confirmed, the Court must conduct a review of his Complaint under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) requires a court to dismiss an indigent party's case at any time if the court determines that the party's action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Although "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers, "it must still be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (internal quotation marks and citation omitted); *see also Hyland v. Kolhage*, 158 F. App'x 194, 196 (11th Cir. 2005). A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show [that] the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

B.  Plaintiff's Complaint Should be Dismissed

   1. *42 U.S.C. § 1983*

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, in order to state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978).

   2. *Denial of Access to the Court*

"It is now established beyond a doubt that prisoners have a constitutional right of access to the courts" pursuant to the Due Process Clause. *Bounds v. Smith,* 430 U.S. 817, 821 (1977). Access must be "adequate, effective, and meaningful." *Id.* at 822. In ruling on this issue, the Eleventh Circuit Court of Appeals recently held that:

> In order to establish a violation of the right of access to the courts, [] a prisoner must show an actual injury. That requirement derives from the constitutional doctrine of standing. *Id.; see also Christopher v. Harbury,* 536 U.S. 403, 415 (2002) (recognizing that the right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). The injury requirement reflects the fact that the very

point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher,* 536 U.S. at 414-15.

The injury requirement means that the plaintiff must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts. *See id.* at 415 ("[T]he underlying cause of action ... is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."). The allegations about the underlying cause of action must be specific enough to give fair notice to the defendants and must "be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* at 416.

*Cunningham v. District Attorney's Office for Escambia County,* 592 F.3d 1237 (11th Cir. 2010). "In order to show actual injury, 'a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials.'" *Wilson v. Blankenship,* 163 F.3d 1284, 1290-91 (11th Cir. 1998). Thus, the Plaintiff must sufficiently allege in his Complaint how the prison officials' actions "have frustrated or impeded [his] efforts to pursue a nonfrivolous legal claim." *Bass v. Singletary,* 143 F.3d 1442 (11th Cir. 1998); *See Lewis v. Casey,* 518 U.S. at 343, 352-54 (1996).

In this case, Plaintiff has failed to allege that the alleged actions of the Defendants caused him any actual harm.[1] Plaintiff merely states that the Defendants withheld his legal mail, but fails to state what, if any, injury resulted therefrom. Therefore, Plaintiff's conclusory allegations with regard to his claim of denial of access to the court fail to state a

---

[1] Plaintiff's allegation that his legal mail was opened also requires a showing of actual injury pursuant to *Al-Amin v. Smith,* 511 F.3d 1317 (11th Cir. 2008). Here, Plaintiff's allegation did not specifically include opening mail from his attorney, which would have invoked Plaintiff's First Amendment privacy rights. *Id.*

4

cognizable claim under 42 U.S.C. § 1983.

### 3. *Plaintiff's Numerous Filings*

It should be noted that this is the fourteenth lawsuit brought by Plaintiff in the United States District Court for the Middle District of Georgia, none of which were decided in Plaintiff's favor, and the fifth action[2] to be dismissed following a frivolity review. It is therefore recommended that should the Court deem any future pleadings filed by Plaintiff to be legally or factually frivolous, that Plaintiff be considered a "vexatious litigant" and be required to seek the Court's approval prior to filing another lawsuit.

WHEREFORE, IT IS HEREBY **RECOMMENDED** that the current Complaint be **DISMISSED** under 28 U.S.C. § 1915(e)(2) for Plaintiff's failure to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT COURT within FOURTEEN (14) DAYS after being served with a copy hereof.

So **RECOMMENDED**, this 31st day of January, 2011.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[2] The previous case numbers are 5:01-cv-220(DF); 5:05-cv-431(CAR); 5:10-cv-391(HL); 1:10-cv-150(WLS).